**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| O'NEIL BROWN,       ) | |
|     Petitioner,       ) | |
|                     ) | |
| v.       ) | Civil Action No. 10cv11304-NG |
|                     ) | |
| BRIAN GILLEN, Deputy Superintendent,       ) | |
| Plymouth County Correctional Facility,       ) | |
|     Respondent.       ) | |

GERTNER, D.J.

**MEMORANDUM AND ORDER RE: MOTION TO DISMISS**
**October 8, 2010**

On July 28, 2010, O'Neil Brown ("Brown"), an immigration detainee at the Plymouth County Correctional Facility, filed a *pro se* § 2241 habeas petition. Brown claims that his removal order was final more than six months ago but his removal is not reasonably foreseeable because no travel documents have been issued. He asserts that he continues to be detained in violation of his right to due process, as articulated by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001). He seeks release from custody on conditions of release. Respondent has filed a Motion to Dismiss (**document # 7**) on the grounds that Brown has prevented his own removal by filing frivolous appeals and motions. Petitioner has filed no opposition to the Motion to Dismiss.

For the reasons that follow, the Court **ALLOWS** the Motion to Dismiss but invites the Petitioner to renew his habeas petition if he is not deported by January 14, 2011, and can show no significant likelihood of removal in the reasonably foreseeable future.

**I.     BACKGROUND**

Brown is a native and citizen of Jamaica, who came to the United States as a lawful resident in 1996. See Order of Deportation 1, Aug. 9, 2009 (document #8-1). In January of

2007, Brown pleaded guilty to assault on a public safety officer, in violation of Section 53a-167c(a)(1) of the Connecticut General Statutes, and was sentenced to three years in prison. Id. An immigration judge ordered his removal as a felon convicted of an aggravated felony of violence under 18 U.S.C. § 16(b) on August 13, 2009. Id. at 2. He has been in custody since January 9, 2007, first pursuant to 8 U.S.C. § 1226(c) as an aggravated felon, and then under 8 U.S.C. § 1231 as an alien with a final deportation order.

Brown has filed a series of appeals *pro se*. He appealed the initial removal order on the grounds that he wanted to be in the United States to support his family and care for his son, a U.S. citizen; he wanted a second chance. See Board of Immigration Appeals (BIA) Order, Nov. 13, 2009 (document #8-2). When his appeal was denied on the grounds that he failed to establish error of law or fact in the immigration judge's order for deportation, he filed a motion to reconsider. This time, he stated that he was collaterally attacking his conviction. He claimed ineffective assistance of counsel because he was not advised of the immigration consequences of his plea. His motion to reconsider was denied on December 18, 2009. See BIA Order (document #8-3). He then filed a motion to reopen the case on the same grounds, which was denied. See BIA Order, Jan. 25, 2010 (document #8-4). Shortly thereafter, he filed a second motion to reopen the dismissal of his appeal and to stay his deportation. This motion was again denied, now because it was time- and number-barred. See BIA Order, May 13, 2010 (document #8-5).

Meanwhile, on December 9, 2009, Brown petitioned the Second Circuit to review the final order of removal and stay removal. His petition for review was denied on April 28, 2010. Brown v. Holder, No. 09-5111 (2d Cir. 2010). Finally, on May 25, 2010, Brown appealed the

BIA's final denial of his motion to reopen, reconsider, and stay the deportation to the Second Circuit, who affirmed on September 8, 2010.  See Brown v. Holder, 10-2034 (2d Cir. 2010).

Brown filed this habeas petition on July 28, 2010, while his appeal to the Second Circuit was still pending, and argued that his constitutional rights had been violated because he had been detained without deportation for an unreasonable period of time.  Pet. (document #1).  He stated that he had inquired in April why he had not yet been deported, and he had been told that his travel documents were missing.  Id. at 4.  He asked to be released from custody subject to conditions of release.

## II.     HABEAS STANDARD FOR POST-REMOVAL-PERIOD DETENTION

The detention of aliens subject to a final deportation order is governed by 8 U.S.C. § 1231.  According to the statute, the government is required to remove criminal aliens within ninety days of the final order of removal.  8 U.S.C. § 1231(a)(2).  The government *may* detain aliens beyond that ninety day period upon a finding that the alien is "a risk to the community or unlikely to comply with the order of removal."  8 U.S.C. § 1231(a)(6).  Aliens who have been convicted of violent crimes fall within this category.[1]  Id.  The Supreme Court has held, however, that the government may not detain criminal aliens indefinitely and has applied a presumptive limit of post-removal detention to six months.  Zadvydas v. Davis, 533 U.S. 678, 701 (2001).

Aliens may bring a habeas claim in federal court to challenge their post-removal-period detention.  Zadvydas v. Davis, 533 U.S. 678, 687 (2001).  To prevail, the petitioner must show not only that he has been detained for more than six months, but also "good reason to believe

---

[1] The government may, in its discretion, choose to release aliens in this category subject to conditions of release.  8 U.S.C. § 1231(a)(6).  Brown asks that he be released pending removal, but the Court must note that that decision remains in the government's discretion.

that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701.  The Government must respond with evidence sufficient to rebut that showing.  The petitioner will be released when the court has "determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

### III. DISCUSSION

The first prong of the Zadvydas analysis asks whether the petitioner has been held beyond the reasonable six-month limit.  Here, Brown has been detained without deportation for over a year after the final order of removal, dated November 13, 2009.  The respondent counters that Brown has delayed his own deportation with frivolous appeals; the government cannot be faulted for failing to deport Brown when he has separately pursued stays of deportation.

Indeed, the six-month presumption of reasonableness does not apply in some instances where the alien has frustrated efforts for removal.  See, e.g., Agbanyo v. Cabral, 518 F. Supp. 2d 326, 327 (D. Mass. 2007) ("This [six-month] rule does not apply, however, if the alien 'refuses to cooperate fully and honestly with officials to secure travel documents from a foreign government.'") (quoting Lema v. INS, 341 F.3d 853, 856 (9th Cir. 2003)).  The respondents argue that Brown has filed frivolous appeals without legal merit, and therefore the six-month rule does not apply to him.  This Court, however, refuses to find that a *pro se* petitioner's exhaustion of the legal process and attempt to remain in the country with his family is so frivolous as to deny him protection under due process.  That a pro se petitioner appeals a final order of deportation -- even where that appeal has no merit -- does not mean that he may be held indefinitely.

The Court need not find that Brown acted in bad faith to determine that the government has detained him legally beyond six months. When a petitioner files a motion to "stay" deportation, he asks that his removal be delayed. See Lawrence v. Gonzales, 446 F.3d 221, 227 (1st Cir. 2006) (finding that lengthy detention was the result of petitioner's own procuring of stays to the removal order). U.S. Immigration and Customs Enforcement ("ICE"), in good faith, forbears deportation while the stay request is pending. See Abimbola v. Ridge, 181 Fed. Appx. 97, 99 (2d Cir. 2006). The stay request then must "toll" the six-month detention limit during the period of judicial review. Otherwise, ICE would be required to deport aliens -- who have themselves requested that deportation be stayed -- while their appeals and request for a stay are still pending. In this case, therefore, the Court will "toll" for the periods in which the Second Circuit was considering Brown's requests to stay removal. By that calculation, the "six-month" reasonable detention period ends on January 14, 2011.[2] The Court advises that Brown shall be deported to Jamaica by that date.

Brown has also failed the second prong of the Zadvydas analysis, which considers whether there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. In his petition for habeas relief, he stated that he had inquired in April why he had not yet been deported, and he had been told that his travel documents were missing. The government explained that it had stayed deportation until September 8, 2010, when the Second Circuit ruled on Brown's final motion to reopen. The government would not have issued travel documents for Brown in April. At the moment, the

---

[2] The presumptive six months would have concluded on May 19, 2010. The period was tolled, however, between December 9, 2009 and April 28, 2010, for a total of 140 days, and again between May 25 and September 8, 2010, for a total of 106 days. Adding 246 days to May 19, 2010, leads to January 14, 2011.

Court finds no reason to believe that Brown will not be deported in the "reasonably foreseeable future." Id.  The Court reminds the government, however, that it should remove Brown by January 14, 2011.  Mr. Brown may renew his habeas petition after that date if he has not been deported and he can show that there is no likelihood of removal soon thereafter.

### IV. CONCLUSION

Therefore, Respondent's Motion to Dismiss (**document #7**) is **GRANTED**.

**SO ORDERED.**

**Date:   October 8, 2010**          /s/ Nancy Gertner
                                     **NANCY GERTNER, U.S.D.C.**